IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PAUL M. HAYDEN,                                                              3:14-cv-1060-AC

                Plaintiff,               FINDINGS AND RECOMMENDATION

v.

UNITED STATES OF AMERICA,

                Defendant.

ACOSTA, Magistrate Judge:

*Pending Motion*

Paul Hayden ("Hayden") filed a Complaint against the United States under the Federal Tort Claims Act ("FTCA") for medical negligence arising from the care he received at the Portland Veteran's Administration Medical Center. Hayden seeks monetary relief, including an award of costs and fees. In its Answer, the United States asserted ten affirmative defenses to Hayden's claims.

Page 1 - FINDINGS AND RECOMMENDATION

Pursuant to Rules 8 and 12(f) of the Federal Rules of Civil Procedure, Hayden filed a Motion to Strike all ten of the government's affirmative defenses. In its Opposition, the United States agreed to withdraw all but three of its affirmative defenses. Oral argument was heard and, for the reasons set forth below, Hayden's Motion to Strike is granted, in part, and denied, in part.

*Legal Standard*

An answer must "state in short and plain terms" the defenses to each claim asserted against defendant in order to provide plaintiffs with fair notice of the defense(s). FED. R. CIV. P. 8(b)(1)(A). Under Federal Rule of Civil Procedure 8(c), an "affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) (citation and quotations omitted). An insufficiently pleaded defense fails to comply with Rule 8 pleading requirements by not providing "plaintiff [with] fair notice of the nature of the defense" and the grounds upon which it rests. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)

Rule 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A defense may be insufficient "as a matter of pleading or as a matter of substance." *Security People, Inc. v. Classic Woodworking*, LLC, No. C-04-3133 MMC, 2005 WL 645592, at *1 (N.D. Cal. Mar. 4, 2005). "A showing of prejudice is not required to strike an 'insufficient' portion of the pleading as opposed to 'redundant, immaterial, impertinent, or scandalous matter' under Rule 12(f)." *Bottoni v. Sallie Mae, Inc.*, No. C 10–03602 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011).

*Discussion*

The United States asserts three affirmative defenses:

THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained damages by reason of the matters alleged in the Complaint, which is denied, then those damages were caused in whole or in part by the acts of the Plaintiff, or third parties and were not caused or contributed to in any manner by any fault or negligence of the Defendant, its officers, agents, servants, employees, or others acting within the scope of their office and for whom the United States bears responsibility.

FIFTH AFFIRMATIVE DEFENSE

Alternatively, or in addition, if the Plaintiff establishes any basis for liability against the United States, the Plaintiff was comparatively negligent.

NINTH AFFIRMATIVE DEFENSE

In the event that judgment is recovered herein against the United States, said judgment shall be reduced pursuant to applicable laws, by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source and shall be offset against any amounts owed or reimbursable to the united States. Defendant is entitled to any offset or credit for any and all benefits paid or payable to or for plaintiff for the injuries, damages or losses which payment was made by the defendant United States or funded by the defendant through a state, county or city government or other governmental entity.

(Answer 8-10.) Hayden challenges all three affirmative defenses on the same grounds; namely, the defenses fail to allege sufficient facts to give notice of the ground for the defense, and it is merely a legal conclusion. (Pl.'s Mot. Strike 3-5.)

While Hayden does not challenge the United States' affirmative defenses for failure to comply with the pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 5662 (2009), effectively, his motion here is a challenge under Rule 12(b)(6). Indeed, Hayden's motion attacks each of the

Page 3 - FINDINGS AND RECOMMENDATION

government's affirmative defenses on the basis the defense states only legal conclusions and provides no notice of the basis for the defense. The question of whether *Twombly* and *Iqbal* apply to affirmative defenses still is an unsettled question in the Ninth Circuit. Nevertheless, for the reasons explained below, this court finds the principles set forth in *Twombly* and *Iqbal* are the appropriate standard to apply to a motion which challenges the factual sufficiency of a pleaded defense. Consequently, the court will treat Hayden's motion as one for failure to state a claim under Rule 12(b)(6).

The starting point is the language of Rule 8 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 governs pleading whether by complaint or answer. Rule 8 is entitled "General Rules of Pleading," which means its requirements apply to complaints and answers because both are "pleadings" as defined by Rule 7(a). Rule 8(a)(2) requires a "claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Rule 8(b)(2) further provides with respect to "denials" that they "must fairly respond to the substance of the allegations." Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it[,]" the subsection making no distinction between defenses and affirmative defenses. FED. R. CIV. P. 8(b)(1)(A). Rule 8(c) specifically addresses affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense" in the responsive pleading. FED. R. CIV. P. 8(c)(1). Under the meaning of Rule 8(c), an "affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes*, 718 F. Supp. 2d at 1171-72 (quotations and citation omitted).

In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. *Wyshak*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009) (Rule 8 requires a "short and plain" statement so as to give the opposing party fair notice). Until recently, the "fair notice" requirement in *Wyshak* was "[t]he key to determining the sufficiency pleading an affirmative defense." 607 F.2d at 827. Since the Supreme Court's decisions in *Twombly* and *Iqbal* requiring plausibility, courts have considered whether the fair-notice requirement still controls the pleading of affirmative defenses. In that regard, this court agrees with the analysis set forth in *Vogel v. Huntington Oaks Delaware Partners, LLC*:

> Framing the issue as a choice between *Twombly's* plausibility standard and *Wyshak's* fair-notice standard is misleading, because *Twombly* merely revised the fair-notice standard on which *Wyshak* is based. In *Wyshak*, the Ninth Circuit adopted the prevailing fair-notice standard for pleading complaints and applied it to affirmative defenses. *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). At the time, fair notice was defined by *Conley v. Gibson*, which held that dismissal was warranted only if it appeared clear to the court that there were "no set of facts" that would entitle the plaintiff to relief. 355 U.S. at 45–46. But *Conley* is no longer good law. *Twombly* and *Iqbal* soundly rejected the "no set of facts" standard by holding that fair notice requires the pleading of factual matter that creates a plausible right to relief. . . .
>
> As a result, *Twombly* "changed the legal foundation underlying" *Wyshak*, and *Twombly's* plausibility requirement should apply to affirmative defenses just as *Conley's* "no set of facts" standard did before *Twombly* was decided. . . . In reaching this decision, the [c]ourt recognizes that nowhere in the text of *Twombly*, *Iqbal*, nor *Conley* does the Supreme Court discuss affirmative defenses. But simply because the issue was not before the Supreme Court does not mean *Twombly's* logic applies with any less force to affirmative defenses.

291 F.R.D. 438, 440 (C.D. Cal. 2013) (citations omitted).

Page 5 - FINDINGS AND RECOMMENDATION

Thus, a party is held to the same "short and plain" content requirement whether asserting a claim for relief or asserting a defense to a claim for relief. The drafters could have used different language or phrases to describe parties' duties when asserting a claim for relief or a defense (or affirmative defense), but they did not. Further, Rule 8(d), entitled "Pleading to Be Concise and Direct; Alternative Statements; Inconsistency," applies to all pleadings - whether a complaint, an answer, or other form of pleading - and among other requirements states that "[e]ach allegation must be simple concise, and direct." FED. R. CIV. P. 8(d). It is important to note that defenses make allegations in the same manner and frequency as do claims for relief. Again, the drafters chose to use identical language to govern the content of both complaints and answers. Accordingly, it is inconsistent and unsupportable under the Rules to apply different standards to identical terms used in the same Rule, particularly when nothing contained in the Rule itself or in the Advisory Committee Notes suggests the drafters intended a complaint be treated differently from an answer.

The second consideration is that a defense is, in effect, a claim for relief. Defenses are an alleged avoidance of the claims asserted by plaintiff; by asserting defenses, a defendant asks the court or a jury for a form of relief, such as, for example, to dismiss plaintiff's claim as not sufficiently pleaded, to order the claim be amended, to dismiss or transfer the case to another court because of jurisdiction or venue considerations, to find the contract unconscionable, or to find plaintiff comparatively negligent. Defendant must allege and prove the validity of these and other defenses; if defendant does so, the court grants the specific relief requested in the defense. There is no logic to holding plaintiff to the more exacting *Twombly* and *Iqbal* standard while allowing defendant to continue to shelter under the more lenient pre-*Twombly* and *Iqbal* standard

when both plaintiff and defendant have the same burden to prove that which they allege in their respective pleadings.

Third, notice pleading applies in federal court, even still, notwithstanding that *Twombly* and *Iqbal* imposed a more exacting notice pleading standard. Again, logic dictates that both sides' pleadings be treated similarly for this purpose: the detail required under *Twombly* and *Iqbal* to constitute sufficient notice of the basis for a defense should be the same detail required to constitute sufficient notice of the basis for a claim for relief. At least some of the courts that have applied *Twombly* and *Iqbal* to affirmative defenses have so observed. *See, e.g., Barnes*, 718 F. Supp. 2d at 1172 ("Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint."); *Perez v. Gordon & Wong Law Grp., P.C.*, Case No. 11-3323, 2012 WL 1029425, at *7 (N.D. Cal. March 26, 2012) (applying *Twombly* and *Iqbal* to affirmative defenses because "'[a]ffirmative defenses are governed by the same pleading standards as complaints.'" (*quoting Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)); *see also Hayne*, 263 F.R.D. at 650 ("It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case."). That is, both require a party's pleading to contain "a short and plain" statement of their case. *Barnes*, 718 F. Supp. 2d at 1172; *Hayne*, 263 F.R.D. at 650.

In *Barnes*, Judge Patel set forth a well-reasoned and thorough analysis in support of her finding that the pleading standard articulated by the Supreme Court in *Twombly* and *Iqbal*

Page 7 - FINDINGS AND RECOMMENDATION

likewise applies to affirmative defenses. 718 F. Supp. 2d at 1171-72. Judge Patel explained Rule 8(c) specifically addresses affirmative defenses and requires a party to "'affirmatively state any avoidance or affirmative defense'" in the responsive pleading. *Id.* at 1171 (quoting FED. R. CIV. P. 8(c)(1).) Citing pre-2007 Ninth Circuit authority, Judge Patel noted defendants must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the affirmative defense and the grounds upon which it rests. *Wyshak*, 607 F.2d at 827; *see also Hayne*, 263 F.R.D. at 649.

In *Barnes*, Judge Patel stepped through the relevant Supreme Court decisions, beginning with *Conley v. Gibson*, 355 U.S. 41, 45-46 (195), which set forth the prior fair notice pleading standard. Under *Conley*, the courts were permitted to dismiss claims for relief only when "it appeared beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Id.* In 2007, however, the Supreme Court, departed from the standard in *Conley*, and required plaintiffs to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While plaintiffs are not required to set forth detailed factual allegations, they must allege the grounds for entitlement to relief beyond mere labels and conclusions. *Id.* at 555. Two years after its decision in *Twombly*, the Supreme Court clarified that *Twombly* was based upon its interpretation and application of Federal Rule of Civil Procedure 8, thereby expressly extending the pleading standard in *Twombly* to all civil cases.

Although the Ninth Circuit has yet to rule on the issue, the majority of district courts addressing the issue have required affirmative defenses to meet the heightened pleading standard dictated by the Supreme Court in *Twombly* and *Iqbal*. *See, e.g., Dodson v. Strategic Restaurants Acquisition Company II, LLC*, 289 F.R.D. 595, 601-03 (E.D. Cal. 2013) (relying on the policy

Page 8 - FINDINGS AND RECOMMENDATION

considerations underlying *Twombly* and *Iqbal* to find the heightened pleading standard established by those cases applies to affirmative defenses); *Perez*, 2012 WL 1029425, at *6-*7 (*Wyshak* no longer controlling because *Twombly* and *Iqbal* "displaced" *Conley*); *Peterson v. Acumed, LLC*, No. 10-cv-586-HU, 2010 WL 5158542, at *3 (D. Or. Dec. 14, 2010) (applying *Twombly* to affirmative defenses); *Barnes*, 718 F. Supp. 2d at 1171-72 ("no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses"); *CTF Dev., Inc. v. Penta Hospitality*, LLC, No. C 09-02429, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) (requiring defendants "to proffer sufficient facts and law to support an affirmative defense"); *Hayne*, 263 F.R.D. at 649-50 (noting extensive list of cases in which district courts applied Twombly and Iqbal to affirmative defenses).

Lastly, the policy underlying *Twombly* and *Iqbal's* plausibility requirement applies with equal force to defenses. The Supreme Court recognized that tightening notice pleading to require plausibility serves an important gate-keeping function by cutting off vague or even frivolous claims early, thus avoiding the time and expense of unnecessary or far-ranging discovery. Discovery on affirmative defenses such as promissory estoppel and novation, for example, can be every bit as costly and time-consuming, and fact-intensive, as discovery on plaintiff's claim for breach of contract. "Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Hayne*, 263 F.R.D. at 650. Applying a heightened to affirmative defenses also "weed[s] out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes*, 718 F. Supp.

2d at 1172. Plaintiffs are entitled to the same level of plausibility in a defense as defendants are to a claim for relief; doing so ensures plaintiffs will not be put to unnecessary time and expense pursuing needless discovery.

The court now turns to Hayden's challenges to the remaining affirmative defenses asserted by the United States in this case. The court strikes the government's Third Affirmative Defense asserting the damages to Hayden were caused "by the acts of the Plaintiff, or third parties," and its Fifth Affirmative Defense charging only that Hayden was "comparatively negligent." Those defenses are stated as conclusions and devoid of supporting facts indicating plausibility. In fact, the actual bases for these defenses are not stated in the Answer. Neither of those affirmative defenses, as stated, is targeted to this specific case or assert *any* facts. The defenses do not provide Hayden with fair notice and, therefore, are deficient. Accordingly, the United States' Third and Fifth Affirmative Defenses should be dismissed, without prejudice, and the government should be permitted leave to amend these two defenses.

All defenses asserted by the United States must be "factually plausible." Thus, in pleading its affirmative defenses, the government should identify the actors and, to the extent possible, the acts and omissions relied upon for its enumerated defenses.

With respect to the Ninth Affirmative Defense, the United States is sufficiently clear that it will seek reimbursement for benefits received by Hayden and paid for by the federal government. The collateral source rule does apply to the United States through the FTCA, as limited by applicable laws, and, consequently, may be asserted as a defense in this case. In addition, as pleaded, this defense is adequate and provides Hayden with fair notice.

Consequently, Hayden's request to dismiss the government's Ninth Affirmative Defense should be denied.

## Recommendation

Based upon the foregoing, Hayden's Motion to Strike (doc. #13) is GRANTED, in part, and DENIED, in part. The United States' Third and Fifth Affirmative Defenses should be stricken, and the government is granted leave to replead those defenses.[1]

DATED this 16th day of December, 2014

JOHN V. ACOSTA
United States Magistrate Judge

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due January 5, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

---

[1] The Case Management deadline of January 16, 2015, for amendment of all pleadings may be reset upon a motion by a party.